■ SUSQUEHANNA REALTY CORP., Respondent, v HERBERT BARTH et al., Appellants, et al., Defendants. — In an action, *inter alia,* to establish an easement by prescription over a strip of land owned by the defendants Barth, the Barths appeal from stated portions of a judgment of the Supreme Court, Nassau County (Morrison, J.), entered December 14, 1983, which, *inter alia,* declared the existence of such easement and directed the Barths not to obstruct that portion of their property in any way, after a nonjury trial.

Judgment reversed, insofar as appealed from, on the law and the facts, without costs or disbursements, it is declared that no easement was created in favor of plaintiff, and the complaint is otherwise dismissed.

It is well settled that a prescriptive easement arises by the adverse, open, notorious and continuous use of another's land for the prescriptive period (*Di Leo v Pecksto Holding Corp.,* 304 NY 505; *see also, Belotti v Bickhardt,* 228 NY 296).

Generally, such use of a right-of-way is presumed to be adverse and casts the burden on the owner of the servient tenement to show that the use was by license (*Pirman v Confer,* 273 NY 357; *Beutler v Maynard,* 80 AD2d 982, *affd* 56 NY2d 538; *Lawrence v Mullen,* 40 AD2d 871).

However, the presumption of adversity is inapplicable "when the established user by the claimant is not exclusive" (3 Powell, Real Property ¶ 413, at 34-117). Use of a particular strip of land in common with the general public will not ripen into an easement by prescription (*see, Pirman v Confer, supra; Pro-Fac Coop. v Baltimore & Ohio R. R. Co.,* 36 AD2d 441; *Peck v State of New York,* 15 AD2d 443). As the record indicates that the general public used the subject area, the presumption of adverse use cannot be applied. Plaintiff must, therefore, prove that its use of the strip of land was hostile to that of the owners of the servient tenement in order to be granted an easement by prescription. However, the relationship between plaintiff and appellants' predecessor in title (appellants took title to the servient

tenement in 1976) was one of cooperation and neighborly accommodation. Permission may be inferred from such a relationship (*Hassinger v Kline*, 91 AD2d 988).

Where permission can be implied from the beginning, no adverse use may arise until the owner of the servient tenement is made aware of the assertion of a hostile right (*see, Moore v Day*, 235 NY 554; *Hassinger v Kline, supra; Jansen v Sawling*, 37 AD2d 635, 636; *Durand v Leigh*, 15 AD2d 629, 630). Plaintiff has not shown that it has asserted a right hostile to that of appellants for the prescriptive period of time. Accordingly, the judgment of Special Term must be reversed, insofar as appealed from. Mangano, J. P., Bracken, Weinstein and Niehoff, JJ., concur.