■ DONALD G. MORROW, Respondent, v LOUIS MANES et al., Appellants, et al., Defendants.—In an action, *inter alia,* for a judgment declaring that the plaintiff Donald Morrow has an easement to use a strip of land belonging to defendants Louis Manes and Theresa Manes, the defendants Louis Manes and Theresa Manes appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Putnam County (Dickinson, J.), dated October 26, 1984, as adjudged that a valid easement existed in favor of the plaintiff over the property of the appellants, enjoined the appellants from interfering with the plaintiff's easement, and awarded the plaintiff nominal damages.

Judgment affirmed insofar as appealed from, with costs.

The evidence adduced at trial was sufficient to demonstrate that the plaintiff and the plaintiff's predecessors on parcel I of tax plot lot 18 had used a driveway on land belonging to the appellants without the permission of the appellants or their predecessors continuously from 1949 until the appellants attempted to interfere with the plaintiff's access to that driveway in 1982. On the facts of this case, we find the use of the driveway over this period of approximately 33 years to be open, notorious, uninterrupted and undisputed. Since the

appellants could not demonstrate that the use of the driveway was by license, the use is presumed to be adverse. Therefore an easement by prescription in favor of parcel I exists *(see, Di Leo v Pecksto Holding Corp.,* 304 NY 505, 512; *see also, Susquehanna Realty Corp. v Barth,* 108 AD2d 909).

Since the easement by prescription existed prior to the conveyance of parcel I to the plaintiff, the clause in the deed from the prior owner to the plaintiff describing the easement in question expressly conveyed the right to use the driveway to him. Mollen, P. J., Weinstein, Rubin and Spatt, JJ., concur.