■ CONGREGATION YETEV LEV D'SATMAR, INC., et al., Respondents, v 26 ADAR N.B. CORP. et al., Appellants, et al., Defendants. [596 NYS2d 435] —In an action pursuant to RPAPL article 15 to compel the determination of a claim to real property, (1) the defendants 26 Adar N.B. Corp. and Nachman Brach appeal from an order of the Supreme Court, Kings County (Shaw, J.), entered August 31, 1990, which granted the plaintiffs' motion for a preliminary injunction and denied their cross motion to dismiss the third cause of action insofar as it is asserted against them, (2) the defendants 26 Adar N.B. Corp. and Nachman Brach also appeal from so much of an order of the same court, dated October 1, 1991, as denied their motion for summary judgment dismissing the complaint insofar as it is asserted against them and for vacatur of the preliminary injunction, and (3) the defendant Beth Feige, Inc., appeals from an order of the same court, dated September 17, 1991, which denied its motion to dismiss the complaint insofar as it is asserted against it.

Ordered that the order entered August 31, 1990, is modified, on the law, by deleting the provision thereof which denied the cross motion of the defendants 26 Adar N.B. Corp. and Nachman Brach to dismiss the third cause of action insofar as it is asserted against them and substituting therefor a provision granting the cross motion; as so modified, the order entered August 31, 1990, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated October 1, 1991, is modified, on the law, by deleting the provision thereof which denied those branches of the motion of the defendants 26 Adar N.B.

Corp. and Nachman Brach which were for summary judgment dismissing the fourth and fifth causes insofar as they are asserted against them and substituting therefor provisions granting those branches of the motion; as so modified, the order dated October 1, 1991, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated September 17, 1991, is modified, on the law, by deleting the provisions thereof which denied those branches of the motion of Beth Feige, Inc., which were to dismiss the third, fourth, fifth and sixth causes of action insofar as asserted against it, and substituting therefor provisions granting those branches of the motion; as so modified, the order dated September 17, 1991, is affirmed, without costs or disbursements; and it is further,

Ordered that upon searching the record, the third, fourth, fifth and sixth causes of action are dismissed against the remaining defendants.

The plaintiff Congregation Yetev Lev D'Satmar, Inc., was the owner of five parcels of real property in Brooklyn on which it had built a synagogue and a residence for its Grand Rabbi. In 1978, two of its trustees, the third-party defendants Leopold Lefkowitz and Solomon Sender, transferred the property to another congregation, the defendant Congregation Beth Joel, which mortgaged it and built another synagogue in Orange County. In 1980, Congregation Beth Joel transferred the property to a third congregation, the defendant Congregation Beth Feige, Inc., which also mortgaged the property and then sold it to the defendant 26 Adar N.B. Corp. in 1989. 26 Adar N.B. Corp. is owned by the defendant Nachman Brach. In April of 1990, Brach installed metal gates over the entrance to the synagogue.

Congregation Yetev Lev D'Satmar, Inc. (hereinafter Yetev Lev) which had continued to use the property during the intervening 12 years, commenced this action alleging that the transfers to Congregation Beth Joel, Congregation Beth Feige, Inc., and 26 Adar N.B. Corp. had been fraudulent. Yetev Lev alleged that, in 1978, Lefkowitz and Sender had transferred the property to Congregation Beth Joel without the knowledge or consent of the other trustees and the members of the congregation. Yetev Lev also alleged that Lefkowitz, Sender, Congregation Beth Joel, and Congregation Beth Feige, Inc., had made false statements in their petitions to obtain court approval of the conveyances.

The complaint fails to state a cause of action sounding in

fraud *(see,* CPLR 3211 [7]). Moreover, in their bill of particulars, the plaintiffs concede that neither Lefkowitz nor Sender intended to deceive the plaintiffs.

The complaint also fails to state a cause of action sounding in adverse possession *(see,* CPLR 3211 [7]). Five elements must be established in order to gain title by adverse possession. The possession must be hostile and under a claim of right, it must be actual, it must be open and notorious, it must be exclusive, and it must be continuous for the statutory period of 10 years. If any of these elements is wanting, the possession will not effect a bar to the legal title *(see, Risi v Interboro Indus. Parks,* 99 AD2d 466; 2 NY Jur 2d, Adverse Possession, § 6; RPAPL 311). Here, the plaintiffs' adverse possession cause of action should have been dismissed because Yetev Lev's possession was not hostile. If the conveyance to Congregation Beth Joel should be sustained, then the plaintiffs' use and possession of the synagogue, after title had been conveyed to Congregation Beth Joel, could only have been with the permission of Congregation Beth Joel, and later Congregation Beth Feige, Inc. When, as here, permission can be implied from the beginning, adverse possession will not arise until there is a distinct assertion of a right hostile to the, owner *(see, Susquehanna Realty Corp. v Barth,* 108 AD2d 909, 910; *Shandaken Refm. Church v Leone,* 87 AD2d 950, 951). That did not occur in this case until April 1990. Thus, the plaintiffs have not shown that they asserted a right hostile to that of the defendants for the prescriptive period of time *(see, Susquehanna Realty Corp. v Barth, supra,* at 910).

The plaintiffs' causes of action to recover damages for unjust enrichment and to impose a constructive trust are barred by the six-year Statute of Limitations found in CPLR 213 (1), which starts to run upon the occurrence of the wrongful act giving rise to a duty of restitution *(see, Sitkowski v Petzing,* 175 AD2d 801, 802; *Dybowski v Dybowska,* 146 AD2d 604, 605; *Mattera v Mattera,* 125 AD2d 555, 556). Here, the alleged wrongful act occurred in 1978, 12 years prior to the commencement of the instant action.

In view of the foregoing, the plaintiffs' third, fourth, fifth and sixth causes of action are dismissed *(see,* CPLR 3211 [a] [5], [7]).

We have considered the parties' remaining contentions and find that they do not warrant a contrary result. Sullivan, J. P., Rosenblatt, Lawrence and O'Brien, JJ., concur.