■ DICKERSON POND SEWAGE WORKS CORP., Appellant, v VALERIA ASSOCIATES, L.P., et al., Defendants, and UPPER WILLOW PROPERTIES CORP., Respondent. [647 NYS2d 268] —In an action for a judgment declaring that the plaintiff is the owner of a 10-acre parcel of land under a claim of adverse possession, the plaintiff appeals from an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated July 31, 1995, which, upon reargument, granted the motion of the defendant Upper Willow Properties Corp. for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Westchester County, for entry of an appropriate judgment declaring that the plaintiff is not the legal owner of the 10-acre parcel of land occupied by it, and extinguishing any claims of ownership.

The plaintiff was incorporated in February 1981 by the defendant Dickerson Pond Associates, L.P. (hereinafter Dickerson Associates) for the purpose of operating a sewage treatment plant that occupied a ten-acre parcel of land owned by Dickerson Associates. The ten-acre parcel formed a part of a larger tract of land consisting of over 800 acres, and also owned by Dickerson Associates. In June 1981, five months after the plaintiff entered into possession of the sewage treatment plant under an alleged verbal grant of ownership, Dickerson Associates also gave it a written easement permitting it to use the land and operate the plant.

In 1987, Dickerson Associates conveyed the entire property, including the ten-acre parcel, to the defendant Valeria Associates, L.P. (hereinafter Valeria). The plaintiff continued to operate the sewage treatment plant without hindrance. Subsequently, Valeria's mortgagee foreclosed on the property and the defendant Upper Willow Properties Corp. (hereinafter Upper Willow) purchased the property at the foreclosure sale. The plaintiff then commenced this action for a declaration that it is the owner by adverse possession of the ten-acre parcel occupied by the sewage treatment plant.

Upper Willow's motion for summary judgment was properly granted. "For a party to successfully assert title to property by

way of adverse possession, the possession must be actual, hostile, under a claim of right, open, notorious, exclusive and continuous" for the prescriptive period (*Armour v Marino,* 140 AD2d 752, 753; *see also, Brand v Prince,* 35 NY2d 634; *Belotti v Bickhardt,* 228 NY 296). The party asserting title by way of adverse possession must establish the existence of each of these elements by clear and convincing evidence (*see, Van Valkenburgh v Lutz,* 304 NY 95; *Rusoff v Engel,* 89 AD2d 587; *Gerwitz v Gelsomin,* 69 AD2d 992). When permission can be implied from the beginning, adverse possession will not arise until there is a distinct assertion of a claim of right hostile to the owner (*see, Congregation Yetev Lev D'Satmar v 26 Adar N.B. Corp.,* 192 AD2d 501; *Susquehanna Realty Corp. v Barth,* 108 AD2d 909).

It is clear that the plaintiff's possession of the ten-acre parcel was with the implied and/or express permission of the record owner. Indeed, in its complaint, the plaintiff alleged that "[i]n or about February 1981 Dickerson Pond Associates L.P. granted to Dickerson Pond Sewage Works Corp. the right to enter into possession of the sewage treatment plant and appurtenant facilities located on the aforesaid 10 acre parcel, and gave to Dickerson Pond Sewage Works Corp. a verbal grant of ownership of the said parcel". This acknowledgment by plaintiff clearly runs counter to its present claim that it owns the ten-acre parcel by adverse possession.

Moreover, the written easement granted by Dickerson Associates on June 16, 1981, permitted the plaintiff to remain on the property and to operate and maintain the sewage treatment plant, "together with the free right of ingress and egress over, upon, under and across such property". Thus, it is clear that the plaintiff possessed the property with the permission of the record owner. The plaintiff, therefore, fails, as a matter of law, to establish that its possession of the property was adverse to the owner.

We note that since this is a declaratory judgment action, the Supreme Court should have directed the entry of a declaration in favor of the defendant Upper Willow rather than dismissal of the complaint (*see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Bracken, J. P., Santucci, McGinity and Luciano, JJ., concur.