◼ Janis A. Forsyth, Appellant, v Charles Clauss, Jr., et al., Respondents. [661 NYS2d 1004] —In an action, *inter alia,* for a judgment declaring that the plaintiff has a prescriptive easement over the defendants' property, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Richmond County (Mastro, J.), dated October 16, 1996, as granted the defendants' motion to dismiss the complaint and denied those branches of her motion which were for summary judgment on the first and second causes of action asserted in the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof directing that a judgment be entered dismissing the complaint, and adding a provision thereto declaring that the plaintiff has no easement over the subject property; as so modified, the order is affirmed insofar as appealed from, with costs to the defendants, and the matter is remitted to the Supreme Court, Richmond County, for the entry of a judgment declaring that the plaintiff has no easement over the property.

The Supreme Court properly concluded that the plaintiff's use of a driveway located on the defendants' property was permissive, since that use was specifically authorized by a prior-executed, written agreement (*see, Pickett v Whipple,* 216 AD2d 833, 834; 2 NY Jur 2d, Adverse Possession and Prescription, § 12, at 320). Contrary to the plaintiff's contentions, the record fails to establish that her use of the driveway was ever transformed from a permissive to an adverse use, or that she is entitled to an easement by implication or necessity (*see, Four S Realty Co. v Dynko,* 210 AD2d 622, 623; *Turner v Baisley,* 197 AD2d 681, 682; *Monte v DiMarco,* 192 AD2d 1111).

However, since the complaint sought a declaratory judgment,

the Supreme Court should have directed entry of a declaration in favor of the defendants (see, Lanza v Wagner, 11 NY2d 317, 334, appeal dismissed 371 US 74, cert denied 371 US 901).

The plaintiff's remaining contentions are without merit. Copertino, J. P., Thompson, Friedmann and Florio, JJ., concur.