■ Ovadia Avraham et al., Appellants, v Lakeshore Yacht and Country Club, Inc., Respondent. [719 NYS2d 424] —Judgment unanimously modified on the law and as modified affirmed without costs and judgment granted in accordance with the following Memorandum: Plaintiffs commenced this action pursuant to RPAPL article 15 seeking judgment declaring that they are the owners in fee simple of a portion of defendant's property used by plaintiffs and their predecessors in the operation of their marina and as a parking lot. Plaintiffs purchased their property in 1995 from Allied Realty Corporation (Allied), which had owned the property since 1984, and they alleged that they obtained title to defendant's adjacent property by adverse possession.

Supreme Court properly granted defendant's motion seeking summary judgment. Defendant met its initial burden of establishing that plaintiffs did not acquire the disputed property by adverse possession. Where, as here, defendant possesses record title of the disputed property, plaintiffs had to establish, *inter alia*, that their possession of the disputed property was "hostile and under claim of right" (*Brand v Prince*, 35 NY2d 634, 636; *see, Ray v Beacon Hudson Mtn. Corp.*, 88 NY2d 154, 159). Defendant established that the use of the property by plaintiffs and Allied was with the permission of defendant and was therefore not adverse (*see, 262-64 Higbie Lane v Town Bd.*, 267 AD2d 377, 378, *lv denied* 95 NY2d 752; *Forsyth v Clauss*, 242 AD2d 364), and plaintiffs failed to raise a triable issue of fact. Plaintiffs argue that defendant's title was extinguished based on the use of the property by plaintiffs' predecessors from 1947 until 1983 and that the vested title in plaintiffs' predecessors was not thereafter transferred to defendant based on Allied's permissive use (*see, e.g., Ahl v Jackson*, 272 AD2d 965). That argument is raised for the first time on appeal and therefore is not properly before us (*see, Lanz v Feola*, 181 AD2d 1053). In any event, that argument is without merit because plaintiffs cannot rely on adverse possession by their predecessors during that time period. A description of the disputed property was not included in the deed conveyed to plaintiffs from Allied. Although "successive adverse possessions of property omitted from a deed description * * * may be tacked if it appears that the adverse possessor intended to and actually turned over possession of the undescribed part with

the portion of the land included in the deed" (*Brand v Prince, supra,* at 637), plaintiffs failed to establish that Allied had such an intention. Indeed, the evidence before the court was to the contrary.

While the court properly granted defendant's motion, it erred in failing to declare the rights of the parties (*see, Maurizzio v Lumbermens Mut. Cas. Co.,* 73 NY2d 951, 954; *Forsyth v Clauss, supra,* at 364-365; *Arrington v County of Monroe,* 210 AD2d 909, 910). Thus, we modify the judgment by granting judgment in favor of defendant declaring that plaintiffs did not obtain title to the disputed property by adverse possession. (Appeal from Judgment of Supreme Court, Onondaga County, Major, J.—Declaratory Judgment.) Present—Green, J. P., Hayes, Hurlbutt, Kehoe and Balio, JJ.