■ STEPHEN ROZENBERG et al., Appellants-Respondents, v ROBERT BACIGALUPO et al., Respondents-Appellants. [796 NYS2d 670]—

In an action pursuant to RPAPL article 15, inter alia, in effect, for a judgment declaring that the plaintiffs have an easement by prescription over property owned by the defendants, and to enjoin the defendants from interfering with that easement, the plaintiffs appeal from so much of a judgment of the Supreme Court, Queens County (Leviss, J.H.O.), dated June 25, 2004, as, after a nonjury trial, failed to declare that they have an easement by prescription over property owned by the defendants, and the defendants cross-appeal from so much of the same judgment as permanently enjoined them from interfering with the plaintiffs' use of a portion of their property and directed them to keep that portion open for the purpose of right-of-way to the plaintiffs' property.

Ordered that the judgment is modified, on the law, by adding thereto a provision declaring that the plaintiffs have an easement by prescription over a portion of the subject driveway owned by the defendants; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, with costs to the plaintiffs.

The plaintiffs commenced this action pursuant to RPAPL article 15, inter alia, in effect, for a judgment declaring that

they have an easement by prescription over a portion of their driveway adjacent to their property and owned by the defendants (hereinafter the driveway strip). After a nonjury trial, the Judicial Hearing Officer issued his findings of fact and conclusions of law which set forth findings sufficient to establish the plaintiffs' right to an easement by prescription. The record supports the findings that the plaintiffs' use of the driveway strip was adverse, open and notorious, and continuous for the 10-year prescriptive period, and that the defendants failed to rebut the presumption of adverse use (*see Di Leo v Pecksto Holding Corp.,* 304 NY 505, 510-512 [1952]; *Borruso v Morreale,* 129 AD2d 604 [1987]). The judgment appealed from, however, failed to declare that the plaintiffs have an easement. Instead, the judgment merely enjoined the defendants from interfering with the plaintiffs' use of the driveway strip. Since this is, inter alia, a declaratory judgment action, the Supreme Court should have declared that the plaintiffs have an easement by prescription over the driveway strip in addition to enjoining the defendants (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]; *Di Leo v Pecksto Holding Corp., supra; Asche v Land & Bldg. Known as 64-29 232nd St.,* 12 AD3d 386 [2004]; *Avraham v Lakeshore Yacht & Country Club,* 278 AD2d 842 [2000]; *Fulgenzi v Rink,* 253 AD2d 846 [1998]; *Forsyth v Clauss,* 242 AD2d 364 [1997]; *Duke v Sommer,* 205 AD2d 1009 [1994]; *Reed v Piedimonte,* 138 AD2d 937 [1988]).

The defendants' remaining contentions are without merit. Schmidt, J.P., S. Miller, Santucci and Mastro, JJ., concur.