■ KINGS PARK YACHT CLUB, INC., Appellant, v STATE OF NEW YORK, Respondent. [809 NYS2d 551]—

In a consolidated action pursuant to RPAPL Article 15 to establish title to a parcel of real property by adverse possession and a holdover proceeding to evict the plaintiff from the subject property, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Burke, J.), dated July 21, 2004, which granted the defendant's motion for summary judgment and denied its cross motion for summary judgment and directed the plaintiff to vacate the subject premises by September 30, 2004.

Ordered that the order is affirmed, with costs.

The State of New York was properly awarded summary judgment on the issue of whether the plaintiff acquired title to the subject property by adverse possession. A municipality cannot lose title to property by adverse possession when it holds the property in its governmental capacity (*see City of New York v Wilson & Co.*, 278 NY 86, 96 [1938]; *Monthie v Boyle Rd. Assoc.*, 281 AD2d 15, 20 [2001]; *Casini v Sea Gate Assn.*, 262 AD2d 593, 594 [1999]). In the instant case, the State established that it held the subject property in its governmental capacity for purposes of operating a mental hospital, pursuant to a deed from Kings County to the State issued and recorded in 1895. The mental hospital was operated until 1997, subsequent to the commencement of the instant action and proceeding.

In any event, to acquire title to real property by adverse possession, the possessor must establish that possession has been hostile and under a claim of right (*see Ray v Beacon Hudson Mtn. Corp.*, 88 NY2d 154 [1996]; *Fitzgerald v Conroy*, 15 AD3d 534 [2005]; RPAPL 501). In the instant case, the State established that the plaintiff had possession of the subject property with the permission of the State (*see Hancock v Estate of Hancock*, 15 AD3d 620 [2005]). The plaintiff acknowledged the State's ownership of the property as late as 1991 (*see Soukup v Nardone*, 212 AD2d 772 [1995]).

Further, the State established its entitlement to judgment as a matter of law with respect to the eviction of the plaintiff.

In opposition, the plaintiff failed to establish the existence of

a triable issue of fact. We agree with the finding of the Supreme Court that the affidavit of the plaintiff's surveyor was "vague and conclusory."

The plaintiff's remaining contentions are without merit. Crane, J.P., Goldstein, Luciano and Covello, JJ., concur.