■ THOMAS KOUDELLOU et al., Respondents, v ATHENA SAKA-LIS et al., Appellants. [814 NYS2d 730]—

In an action for a judgment declaring that the plaintiffs have a recorded easement over the subject driveway and for injunctive relief, the defendants appeal from an order and judgment (one paper) of the Supreme Court, Queens County (Grays, J.), dated January 28, 2005, which denied their motion for sum-

mary judgment dismissing the complaint and declaring that the subject easement was extinguished or never created and granted the plaintiffs' cross motion for summary judgment, inter alia, declaring that the plaintiffs have a recorded easement over the subject driveway, directing the defendants to remove the fence blocking access to the driveway, and striking the defendants' answer and counterclaims.

Ordered that the order and judgment is affirmed, with costs.

"[A]n easement created by grant may be extinguished by adverse possession" (*Spiegel v Ferraro,* 73 NY2d 622, 625 [1989]; *see Rahabi v Morrison,* 81 AD2d 434, 438 [1981]; *Castle Assoc. v Schwartz,* 63 AD2d 481, 487 [1978]). The party seeking to extinguish the easement must establish, by clear and convincing evidence, the five elements of adverse possession: that the use of the easement has been (1) hostile and under a claim of right, (2) actual, (3) open and notorious, (4) exclusive, and (5) continuous for a period of 10 years (*see* RPAPL 501; *Spiegel v Ferraro, supra* at 625; *Brand v Prince,* 35 NY2d 634, 636 [1974]; *MAG Assoc. v SDR Realty,* 247 AD2d 516, 517 [1998]).

Generally, "an inference of hostile possession or claim of right will be drawn when the other elements of adverse possession are established" (*MAG Assoc. v SDR Realty, supra* at 517; *see Harbor Estates Ltd. Partnership v May,* 294 AD2d 399, 400 [2002]). However, "[w]hen . . . permission can be implied from the beginning, adverse possession will not arise until there is a distinct assertion of a right hostile to the owner" (*Congregation Yetev Lev D'Satmar v 26 Adar N.B. Corp.,* 192 AD2d 501, 503 [1993]; *see Dickerson Pond Sewage Works Corp. v Valeria Assoc.,* 231 AD2d 488, 489 [1996]; *Susquehanna Realty Corp. v Barth,* 108 AD2d 909 [1985]).

While the defendants established four of the elements of adverse possession, they failed to prove hostility or possession under a claim of right. In her affidavit submitted in support of the defendants' motion for summary judgment dismissing the complaint, the defendant Athena Sakalis (hereinafter Athena) stated that her father erected the fence "with the full knowledge and assistance of the plaintiffs." Thus, based on Athena's own admission, it may be implied that the fence was erected with the permission of the plaintiffs, thereby rebutting the inference of hostile possession (*see Congregation Yetev Lev D'Satmar v 26 Adar N.B. Corp., supra,* at 503; *see Dickerson Pond Sewage Works Corp. v Valeria Assoc., supra* at 489; *Susquehanna Realty Corp. v Barth, supra* at 909). Therefore, the element of hostility did not exist until May of 2002 when the plaintiffs' daughter asked the defendants to remove the fence, and the defendants

refused. As this action was commenced about four months later, the defendants failed to prove adverse possession for the requisite 10-year period.

Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment, finding that the defendants failed to make a prima facie showing of entitlement to judgment based on the theory that the easement had been extinguished by adverse possession. Likewise, it properly granted the plaintiffs' cross motion for summary judgment, finding that, on the same ground, the defendants had failed to raise a material issue of fact requiring a trial (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). Adams, J.P., Rivera, Skelos and Lifson, JJ., concur. [*See* 6 Misc 3d 1018(A), 2004 NY Slip Op 51802(U) (2004).]