In an action, inter alia, pursuant to RPAPL article 6 to recover possession of real property, the defendants Rudy Hanzus, Virginia Hanzus, and John Pesick, and the defendants third-party plaintiffs Thomas Pesick, April Pesick, Linda Pesick, and Ronald Pesick, appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered August 16, 2007, as denied that branch of their motion which was for summary judgment dismissing the complaint and that branch of the motion of the defendants third-party plaintiffs Thomas Pesick, April Pesick, Linda Pesick, and Ronald Pesick, which was for summary judgment on the third-party complaint, the plaintiff cross-appeals, as limited by its brief, from so much of the same order as, upon renewal, adhered to *616 an original determination in an order entered December 22, 2004, denying its cross motion for summary judgment on the complaint, and the third-party defendant separately cross-appeals from the same order.
Ordered that the separate cross appeal of the third-party defendant is dismissed as abandoned, without costs or disbursements; and it is further,
Ordered that the appeal by the defendants Rudy Hanzus, Virginia Hanzus, and John Pesick, from so much of the order entered August 16, 2007, as denied that branch of the motion of the defendants third-party plaintiffs Thomas Pesick, April Pesick, Linda Pesick, and Ronald Pesick, which was for summary judgment on the third-party complaint is dismissed, without costs or disbursements, as those defendants are not aggrieved by that portion of the order (see CPLR 5511); and it is further,
Ordered that so much of the order entered August 16, 2007 as denied that branch of the motion of the defendants and the defendants third-party plaintiffs which was for summary judgment dismissing the complaint is affirmed insofar as appealed from, without costs or disbursements; and it is further,
Ordered that so much of the order entered August 16, 2007 as denied that branch of the motion of the defendants third-party plaintiffs which was for summary judgment on the third-party complaint is affirmed insofar as appealed from by the defendants third-party plaintiffs, without costs or disbursements; and it is further,
Ordered that the order entered August 16, 2007 is affirmed insofar as cross-appealed from by the plaintiff, without costs or disbursements.
In an order entered December 22, 2004 the Supreme Court, inter alia, denied the motion of the defendants and the defendants third-party plaintiffs for summary judgment dismissing the complaint. Thereafter, the defendants third-party plaintiffs Thomas Pesick, April Pesick, Linda Pesick, and Ronald Pesick commenced a third-party action. Subsequently, the defendants and the defendants third-party plaintiffs again moved for summary judgment dismissing the complaint. The defendants third-party plaintiffs also moved for summary judgment on the third-party complaint. That branch of the motion of the defendants and the defendants third-party plaintiffs which was for summary judgment dismissing the complaint was properly denied since it was made in violation of the rule against successive motions for summary judgment (see B & N Props., LLC v Elmar Assoc., LLC, 51 AD3d 831, 832 [2008]; Selletti v *617 Liotti, 45 AD3d 669 [2007]). However, that branch of the motion of the defendants third-party plaintiffs which was for summary judgment on the third-party complaint did not violate the rule against successive motions for summary judgment since that branch of the motion was based on a pleading that did not exist when the initial motion was made, and thus on grounds and factual assertions which could not have been raised on the initial motion (see Crane v JAB Realty, LLC, 48 AD3d 504 [2008]; Manning v Turtel, 135 AD2d 511, 512 [1987]).
Nonetheless, that branch of the motion of the defendants third-party plaintiffs which was for summary judgment on the third-party complaint pursuant to RPAPL article 15 was properly denied since they failed to establish their prima facie entitlement to judgment as a matter of law on the cause of action in the third-party complaint for adverse possession. An effective claim of adverse possession has five elements: (1) the possession must be hostile and under a claim of right; (2) it must be actual; (3) it must be open and notorious; (4) it must be exclusive; and (5) it must be continuous (see Walling v Przybylo, 7 NY3d 228, 232 [2006]; Koudellou v Sakalis, 29 AD3d 640, 641 [2006]; MAG Assoc. v SDR Realty, 247 AD2d 516, 517 [1998]). Further, these elements must be established by clear and convincing evidence (see Walling v Przybylo, 7 NY3d at 232; Koudellou v Sakalis, 29 AD3d at 641; MAG Assoc. v SDR Realty, 247 AD2d at 517).
The submissions of the defendants third-party plaintiffs, including the deposition testimony of Carmine Inserra, the managing general partner of the third-party defendant, failed to demonstrate that their possession of the subject property was hostile and under claim of right, rather than permissive (see Koudellou v Sakalis, 29 AD3d at 641; Dickerson Pond Sewage Works Corp. v Valeria Assoc., 231 AD2d 488 [1996]; Congregation Yetev Lev D’Satmar v 26 Adar N.B. Corp., 192 AD2d 501, 503 [1993]). Rather, the submissions reveal the existence of triable issues of fact not only as to whether the possession was hostile or under a claim of right, but, conversely, whether it was permissive. Accordingly, the defendants third-party plaintiffs failed to establish their entitlement to judgment as a matter of law on their claim that they acquired title to the subject property by adverse possession (see Koudellou v Sakalis, 29 AD3d at 641; Congregation Yetev Lev D’Satmar v 26 Adar N.B. Corp., 192 AD2d at 503). Since the movants failed to establish their prima facie entitlement to judgment as a matter of law, we need not consider the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
*618 In light of the existence of triable issues of fact as to whether the possession of the subject property by the defendants third-party plaintiffs is permissive, the Supreme Court, upon renewal, properly adhered to its original determination denying the plaintiffs cross motion for summary judgment on the complaint, inter alia, to recover possession of the subject real property by means of ejectment (see generally Ray v Beacon Hudson Mtn. Corp., 88 NY2d 154 [1996]).
The parties’ remaining contentions are without merit. Mastro, J.E, Skelos, Balkin and Belen, JJ., concur.