■ ALEXANDR GOLDSCHMIDT et al., Respondents, v FORD STREET, LLC, et al., Appellants. [872 NYS2d 493]—

In an action, inter alia, to recover damages for trespass to real property, and pursuant to RPAPL article 15 to quiet title to real property, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County

(Knipel, J.), dated November 16, 2007, as denied those branches of their motion which were for summary judgment dismissing the complaint and to vacate a preliminary injunction contained in an order of the same court dated December 12, 2005.

Ordered that the order dated November 16, 2007, is reversed insofar as appealed from, on the law, with costs, and those branches of the defendants' motion which were for summary judgment dismissing the complaint and to vacate a preliminary injunction contained in the order dated December 12, 2005, are granted.

The plaintiffs and the defendant Ford Street, LLC (hereinafter Ford), own neighboring residential lots in Brooklyn. For more than 10 years prior to the commencement of this action, a fence has separated the driveways of these lots. The fence currently in place was installed in 2001 jointly by the plaintiffs and Ford's predecessors in title, and replaced an old fence which was located in the same place.

In 2004 Ford purchased its lot and thereafter learned that its property line extended approximately eight inches beyond the fence and into the plaintiffs' driveway. After discovering nails driven into the driveway to mark a boundary line, the plaintiffs commenced the instant action against Ford and two other entities allegedly involved in an ongoing construction project, Executive Partners, LLC (hereafter Executive), and Klondike Construction Corp. (hereafter Klondike), claiming title to the eight-inch strip of land by adverse possession. The defendants moved, inter alia, for summary judgment dismissing the adverse possession cause of action on the ground that the plaintiffs could not establish the elements of claim of right and hostility, and that the plaintiffs did not cultivate or improve the property. The plaintiffs cross-moved for summary judgment on their adverse possession cause of action. The Supreme Court denied both that branch of the defendants' motion which was for summary judgment dismissing the adverse possession cause of action and the cross motion.

A party seeking to obtain title by adverse possession must prove by clear and convincing evidence the following common-law requirements of adverse possession: (1) that the possession was hostile and under claim of right; (2) that it was actual; (3) that it was open and notorious, (4) that it was exclusive; (5) and that it was continuous for the statutory period of 10 years (see DuMaurier v Lindsay-Bushwick Assoc., L.P., 39 AD3d 460 [2007]; Hall v Sinclaire, 35 AD3d 660 [2006]). Additionally, where the adverse possession is not founded upon a written instrument, as in the instant case, the possessor must also es-

tablish that the disputed property was either "usually cultivated or improved" or "protected by a substantial inclosure" (RPAPL 522; *see Hall v Sinclaire,* 35 AD3d 660 [2006]).

The defendants presented evidence establishing, prima facie, that the plaintiffs cannot prevail on their adverse possession claim, and the plaintiffs failed to raise a triable issue of fact in opposition. Specifically, the plaintiffs had cooperated with Ford's predecessors in title in constructing and maintaining the fence separating the plaintiffs' driveway from the remainder of Ford's lot. Thus, the plaintiffs' possession of the strip of land was not "hostile," as the consensual use of the area in question belies the plaintiffs' assertion that the possession constitutes an actual invasion of or infringement on the owner's rights. "When permission can be implied from the beginning, adverse possession will not arise until there is a distinct assertion of a right hostile to the owner" (*Koudellou v Sakalis,* 29 AD3d 640, 641 [2006]; *Congregation Yetev Lev D'Satmar v 26 Adar N.B. Corp.,* 192 AD2d 501 [1993]). Here, the cooperative conduct of the parties over the years was consistent with the possessor's acknowledgment of Ford's predecessors' title (*cf. Walling v Przybylo,* 7 NY3d 228 [2006]).

Consequently, the Supreme Court erred in denying that branch of the defendants' motion which was for summary judgment dismissing the complaint.

In light of the foregoing, the parties' remaining contentions have been rendered academic and thus need not be reached. Spolzino, J.P., Angiolillo, Dickerson and Belen, JJ., concur.