■ ARTHUR BRATONE et al., Respondents, v LINDA CONFORTI-BROWN et al., Appellants. [913 NYS2d 762]—

In an action, inter alia, pursuant to RPAPL article 15 to compel the determination of claims to certain real property, the defendants appeal from (1) a decision of the Supreme Court, Queens County (Lane, J.), dated September 8, 2009, and (2) an order and judgment (one paper) of the same court entered January 4, 2010, which, upon the decision, granted the plaintiffs' motion for summary judgment on the first and second causes of action, denied the defendants' cross motion for summary judgment dismissing the first and second causes of action, and is in favor of the plaintiffs and against them, adjudging that the plaintiff Vernon-Sutton, Inc., is the sole owner of the subject property "free and clear of any claim of the [named] defendants."

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the order and judgment is modified, on the law, by (1) deleting the provision thereof granting the plaintiffs' motion for summary judgment on the first and second causes of action, and substituting therefor a provision denying the motion, and (2) deleting the provisions thereof adjudging the plaintiff Vernon-Sutton, Inc., to be the sole owner of the subject property; as so modified, the order and judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the appellants.

This action pursuant to RPAPL article 15 is to compel the determination of claims to certain real property located at 30-55 Vernon Boulevard, Long Island City, Queens County, block 505, lots 14, 24, 25, and 26 (hereinafter the premises). The entire parcel was at one time owned by Ray Conforti, the defendants' father. By deed dated September 7, 1971, Conforti transferred ownership of a portion of the premises to the plaintiff Vernon-Sutton, Inc. (hereinafter VSI), a corporation formed in 1960 by Conforti and Clement Bratone, the father of the individual plaintiffs. However, Conforti retained title to the remaining portion of the premises, a 6,000 square-foot addition to a previously constructed building and the parking lot. It is this parcel (hereinafter the disputed parcel) which is the subject of this action. The plaintiffs Arthur Bratone, Ronald Bratone, and Steven Bratone collectively own 50% of VSI stock, and the defendants Linda Conforti-Brown and Martha Conforti own the remaining 50% of VSI stock.

The plaintiffs commenced this action, inter alia, to compel the determination of claims to the disputed parcel, alleging that VSI had acquired title to it via adverse possession. The defendants maintain that they own the disputed parcel, having inherited it from their father.

The Supreme Court granted the plaintiffs' motion for summary judgment on the first and second causes of action alleging adverse possession, determining that the plaintiffs had established that VSI acquired title by establishing all the elements of adverse possession. The Supreme Court noted that the plaintiffs were entitled to a presumption of hostility because they had established that VSI's use of the disputed parcel was actual, open and notorious, continuous, and exclusive for the statutory period. The Supreme Court found that, in opposition, the defendants failed to raise a triable issue of fact as to any of the elements, and failed to rebut the presumption of hostility. We disagree.

Under the law as it existed at the time that the plaintiffs filed this action, where a claim of adverse possession was not based upon a written document, the plaintiffs had to demonstrate that they "usually cultivated, improved, or substantially enclosed the land" (*Walsh v Ellis*, 64 AD3d 702, 703 [2009]; *see* RPAPL former 522). Moreover, an adverse claimant must establish by clear and convincing evidence that possession of the property was "(1) hostile and under claim of right; (2) actual; (3) open and notorious; (4) exclusive; and (5) continuous for the required period" (*Walling v Przybylo*, 7 NY3d 228, 232 [2006]; *see Koudellou v Sakalis*, 29 AD3d 640 [2006]; *Congregation Yetev Lev D'Satmar v 26 Adar N.B. Corp.*, 192 AD2d 501, 503 [1993]). The purpose of the hostility requirement is to provide the title owner notice of the adverse claim through the "unequivocal acts of the usurper" (*Monnot v Murphy*, 207 NY 240, 245 [1913]; *see Walling v Przybylo*, 7 NY3d at 232; *Hall v Sinclaire*, 35 AD3d 660, 662 [2006]). "Hostility can be inferred simply from the existence of the remaining four elements, thus shifting the burden to the record owner to produce evidence rebutting the presumption of adversity" (*United Pickle Prods. Corp. v Prayer Temple Community Church*, 43 AD3d 307, 309 [2007]; *see Harbor Estates Ltd. Partnership v May*, 294 AD2d 399, 400 [2002]; *City of Tonawanda v Ellicott Cr. Homeowners Assn.*, 86 AD2d 118 [1982]).

However, as explained by the Court of Appeals, "[w]hen the entry upon land has been by permission or under some right or authority derived from the owner, adverse possession does not commence until such permission or authority has been repudi-

ated and renounced and the possessor thereafter has assumed the attitude of hostility to any right in the real owner" (*Hinkley v State of New York*, 234 NY 309, 316 [1922]; *see Goldschmidt v Ford St., LLC*, 58 AD3d 803, 805 [2009]; *Koudellou v Sakalis*, 29 AD3d at 640; *Kings Park Yacht Club, Inc. v State of New York*, 26 AD3d 357 [2006]; *Forsyth v Clauss*, 242 AD2d 364 [1997]; *Congregation Yetev Lev D'Satmar v 26 Adar N.B. Corp.*, 192 AD2d at 503). Such permission can be express or implied (*see Goldschmidt v Ford St., LLC*, 58 AD3d at 805; *Koudellou v Sakalis*, 29 AD3d at 641; *Congregation Yetev Lev D'Satmar v 26 Adar N.B. Corp.*, 192 AD2d at 503).

Here, the plaintiffs submitted evidence establishing their prima facie entitlement to judgment as a matter of law on their first and second causes of action alleging adverse possession. However, in opposition, the defendants raised a triable issue of fact regarding the element of hostility through the submission of evidence that VSI's use of the disputed parcel was with the implied permission of Ray Conforti, the prior owner of the parcel and an agent of VSI, and that such permission was never repudiated. Accordingly, the Supreme Court improperly granted the plaintiffs' motion and erroneously adjudged that VSI is the sole owner of the subject property (*see Kimber Mfg., Inc. v Hanzus*, 56 AD3d 615, 617 [2008]; *Koudellou v Sakalis*, 29 AD3d at 641). Moreover, for the same reason, the defendants were not entitled to summary judgment dismissing the first and second causes of action. Mastro, J.P., Florio, Leventhal and Sgroi, JJ., concur. **[Prior Case History: 25 Misc 3d 1215(A), 2009 NY Slip Op 52102(U).]**