█ Sylvia Witts Vitale, by Her Guardian ad Litem, Mary A. Callaghan, Respondent-Appellant, v James A. Witts, Appellant-Respondent, and HSBC Bank USA, N.A., Respondent, et al., Defendants. [940 NYS2d 294]—

In an action, inter alia, pursuant to RPAPL article 15, to determine claims to certain real property, the defendant James A. Witts appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Brathwaite-Nelson, J.), dated September 27, 2010, as denied his motion for summary judgment dismissing the first cause of action alleging that the plaintiff acquired the subject real property by adverse possession, and the plaintiff cross-appeals from the same order.

Ordered that the cross appeal is dismissed, without costs or disbursements, for failure to perfect the same in accordance with the rules of this Court (*see* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

This action involves a dispute over the ownership of certain residential property in Jamaica, Queens (hereinafter the premises). The plaintiff, Silvia Witts Vitale, by her guardian ad litem, Mary A. Callaghan, commenced this action, inter alia, to compel the determination of claims to the property, alleging that Vitale had acquired title to it via adverse possession. Vitale, who was born in 1951, moved into the premises with the permission of her grandmother and her stepgrandfather, Jesse Jackson, who owned the premises when she was in junior high school, so that she could attend John Adams High School. Vitale testified at a deposition that she has continually resided there ever since. Vitale's grandmother died in 1972 and Jackson died in 1982. The defendant James A. Witts, Vitale's nephew, maintains that he is the record owner of the disputed parcel, having acquired it from Elizabeth Scott, who was his grandmother and Vitale's mother, by deed dated April 18, 2001. The Supreme Court, inter alia, denied Witts' motion for summary judgment dismissing the first cause of action alleging ownership via adverse possession.

Under the law as it existed at the time this action was commenced, where a claim of adverse possession was not based upon a written document, Vitale had to demonstrate that she "usually cultivated, improved, or substantially enclosed the land" (*Walsh v Ellis*, 64 AD3d 702, 703 [2009]; *see* RPAPL former 522; *see also Bratone v Conforti-Brown*, 79 AD3d 955 [2010]; *Bernardi v Spyratos*, 79 AD3d 684 [2010]). Moreover, an adverse claimant had to establish by clear and convincing evidence that possession of the property was "(1) hostile and under claim of right; (2) actual; (3) open and notorious; (4) exclusive; and (5) continuous for the required period" (*Walling v Przybylo*, 7 NY3d 228, 232 [2006]; *see Koudellou v Sakalis*, 29 AD3d 640 [2006]; *Congregation Yetev Lev D'Satmar v 26 Adar N.B. Corp.*, 192 AD2d 501, 503 [1993]). "Hostility can be inferred simply from the existence of the remaining four elements, thus shifting the burden to the record owner to produce evidence rebutting the presumption of adversity" (*United Pickle Prods. Corp. v Prayer Temple Community Church*, 43 AD3d 307, 309 [2007]; *see Bratone v Conforti-Brown*, 79 AD3d at 957; *Harbor Estates Ltd. Partnership v May*, 294 AD2d 399, 400 [2002]).

However, as explained by the Court of Appeals, "[w]hen the entry upon land has been by permission or under some right or authority derived from the owner, adverse possession does not commence until such permission or authority has been repudi-

ated and renounced and the possessor thereafter has assumed the attitude of hostility to any right in the real owner" (*Hinkley v State of New York*, 234 NY 309, 316 [1922]; *see Goldschmidt v Ford St., LLC*, 58 AD3d 803 [2009]; *Koudellou v Sakalis*, 29 AD3d at 640; *Kings Park Yacht Club, Inc. v State of New York*, 26 AD3d 357 [2006]; *Forsyth v Clauss*, 242 AD2d 364 [1997]).

In support of his motion, Witts primarily relied upon Vitale's deposition transcript, contending, among other things, that Vitale's possession of the premises was not hostile. However, while it is undisputed that Vitale's initial entry upon the premises was with the permission of her grandmother and Jackson, that permission terminated upon Jackson's death in 1982 (*see Clark v Strong*, 105 App Div 179, 182 [1905]). Moreover, while Witts submitted a deed to the premises, establishing, prima face, that he was the record owner, there is no evidence in the record to show that the property was deeded to Scott by Jackson. Vitale testified at her deposition that Scott, who purported to convey the premises to Witts, was not Jackson's biological or adopted child, and that Jackson died intestate. Thus, Witts' submissions failed to establish the true owner of the premises upon Jackson's death and thus there remains an issue of fact as to whether Vitale's continued possession of the premises was permissive or hostile.

Under these circumstances, Witt did not meet his burden of making a prima facie showing of entitlement to judgment as a matter of law, since he did not tender sufficient evidence to eliminate any material issues of fact from the case (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Gjokaj v Fox*, 25 AD3d 759 [2006]). Accordingly, summary judgment dismissing the first cause of action alleging ownership via adverse possession was properly denied, regardless of the sufficiency of the opposing papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Balkin, J.P., Eng, Hall and Sgroi, JJ., concur.