Lewis v Holliman (2020 NY Slip Op 04546)





Lewis v Holliman


2020 NY Slip Op 04546


Decided on August 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2019-01452
 (Index No. 507479/13)

[*1]Roland Lewis, respondent, 
v
Mary Jean Holliman, defendant, Stacy Reeves, appellant; U.S. Bank National Association, nonparty-appellant.


Stern & Stern, Brooklyn, NY (Pamela Smith of counsel), for appellant.
Korsinsky & Klein, LLP, Brooklyn, NY (Adam M. Birnbaum and Michael Korsinsky of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for a judgment declaring a deed to certain real property to be void, the defendant Stacy Reeves appeals and nonparty U.S. Bank National Association separately appeals from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.) dated December 21, 2018. The order, insofar as appealed from by the defendant Stacy Reeves, inter alia, granted the plaintiffs' motion for summary judgment dismissing that defendant's counterclaim alleging adverse possession.
ORDERED that the appeal by U.S. Bank National Association is dismissed as abandoned; and it is further,
ORDERED that the order is reversed insofar as appealed from by the defendant Stacy Reeves, on the law, and the plaintiff's motion for summary judgment dismissing that defendant's counterclaim alleging adverse possession is denied; and it is further,
ORDERED that one bill of costs is awarded to the defendant Stacy Reeves, payable by the plaintiff.
This is one of two related appeals concerning ownership of a parcel of real property located in Brooklyn (hereinafter the subject property) (see Lewis v U.S. Bank National Association, __AD3d__ [Appellate Division Docket No. 2018-11216; decided herewith]). The plaintiff commenced this action to quiet title to the subject property against his former wife, Mary Jean Holliman (hereinafter the decedent), and the defendant Stacy Reeves (hereinafter the defendant) by summons and complaint dated November 26, 2013. In a prior appeal, this Court reversed an award of partial summary judgment in the plaintiff's favor, for failure to join a record mortgage holder, U.S. Bank National Association, as a necessary party (see Lewis v Holliman, 176 AD3d 1048, 1048-1050).
At issue here is the validity of the defendant's counterclaim alleging adverse possession. The plaintiff moved for summary judgment dismissing this counterclaim. The [*2]defendant opposed, arguing that the plaintiff's motion was premature, and in the alternative that the plaintiff was not entitled to summary judgment on the merits. By order dated December 21, 2018, the Supreme Court, inter alia, granted the plaintiff's motion. The defendant appeals.
In order to establish adverse possession, a claimant must show that "its possession has been adverse, under claim of right, open and notorious, continuous, exclusive, and actual' for a period of 10 years" (168-170 Flushing Ave, LLC v February 22, LLC, 165 AD3d 742, 743, quoting RPAPL 501[2]). "A claim of right means a reasonable basis for the belief that the property belongs to the adverse possessor or property owner, as the case may be" (RPAPL 501[3]). When "permission can be implied from the beginning, adverse possession will not arise until there is a distinct assertion of a right hostile to the owner" (Congregation Yetev Lev D'Satmar v 26 Adar N.B. Corp., 192 AD2d 501, 503).
Here, we agree with the Supreme Court's determination that the plaintiff met his prima facie burden of establishing his entitlement to judgment as a matter of law dismissing the defendant's counterclaim alleging adverse possession. In support of his motion, the plaintiff submitted an affidavit in which he explained that after he inherited his interest in the subject property in the early 1990s, he and the decedent lived together on the subject property. The plaintiff averred that he moved out "[s]everal years" later due to marital discord but permitted the decedent to continue to reside there. The plaintiff claimed that he obtained a divorce decree terminating his marriage to the decedent from a Pennsylvania court in January 2013 and thereafter discovered that the decedent had conveyed the subject property to herself using a deed containing his forged signature, and that the decedent thereafter conveyed the subject property to her son, the defendant.
The plaintiff's evidence is sufficient, prima facie, to support the conclusion that the decedent's possession of the subject property was permissive at the outset and at no point hostile under claim of right. We agree with the Supreme Court's determination that the plaintiff's showing of permissive use at the outset negated the presumption of hostility that normally accompanies actual, open and notorious, exclusive, and continuous use of real property (see id. at 503).
However, in opposition to the plaintiff's motion, the defendant raised a triable issue of fact, based upon evidence that in a divorce action commenced by the plaintiff in 1999, a decision was made in 2001 to award the decedent the subject property as her distributive award, thus evidencing that her possession thereafter was under claim of right.
The parties' remaining contentions either are without merit or need not be addressed in light of our determination.
CHAMBERS, J.P., HINDS-RADIX, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court