■ SIMON ORDONEZ, Respondent, v ALLA LEVY, Also Known as ALLA ISHAY, Appellant. [796 NYS2d 136]—

In an action to recover damages for personal injuries, the de-

fendant appeals from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated September 27, 2004, as denied, as premature, her motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff was injured when he fell from a scaffold while performing construction work at a single-family dwelling. According to the plaintiff's testimony, while he was cutting a piece of wooden trim, his power saw accidently struck the brick siding of the home causing him to lose his balance and fall from a scaffold. The plaintiff commenced this action against the homeowner alleging common-law negligence and violations of Labor Law §§ 200, 240, and 241.

The Supreme Court erred in denying the defendant's motion for summary judgment on the ground that it was premature. The defendant demonstrated that she was the owner of a single-family dwelling and was entitled to judgment as a matter of law because she did not direct or control the plaintiff's work within the meaning of Labor Law §§ 240 and 241 (*see Decavallas v Pappantoniou*, 300 AD2d 617, 618-619 [2002]; *Edgar v Montechiari*, 271 AD2d 396, 397 [2000]; *Kolakowski v Feeney*, 204 AD2d 693 [1994]). The defendant also demonstrated that she was not liable for violations of Labor Law § 200 or based on common-law negligence given that she exercised no direction or control over the work, nor did she have notice of any dangerous condition (*see Sprague v Peckham Materials Corp.*, 240 AD2d 392, 394 [1997]; *Rojas v County of Nassau*, 210 AD2d 390, 391 [1994]). In opposition, the plaintiff offered nothing more than hope and speculation that additional discovery might uncover evidence sufficient to raise a triable issue of fact (*see Lelekakis v Kamamis*, 4 AD3d 507, 508 [2004]). Florio, J.P., Schmidt, Adams and Mastro, JJ., concur.