██ Rainer Schwarz et al., Appellants, v Trustees of Freeholders and Commonalty of Town of Huntington et al., Respondents, et al., Respondents. [926 NYS2d 134]—

In a hybrid action, inter alia, pursuant to RPAPL article 15 to compel the determination of claims to real property, and proceeding pursuant to CPLR article 78, the plaintiffs/petitioners appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Whelan, J.), dated February 19, 2010, as granted those branches of the motion of the Trustees of Freeholders and Commonalty of Town of Huntington and the Town of Huntington which were for summary judgment on their first counterclaim declaring that the Trustees of Freeholders and Commonalty of Town of Huntington is the owner of the subject real property and on the second counterclaim for a judgment of possession, and for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings on the remaining counterclaims and the entry of a judgment thereafter, inter alia, declaring that the defendant-respondent Trustees of Freeholders and Commonalty of Town of Huntington is the owner of the subject real property.

The plaintiffs-petitioners (hereinafter the plaintiffs) commenced this hybrid action, inter alia, pursuant to RPAPL article 15 to establish title to a parcel of real property by adverse possession and CPLR article 78 proceeding. In the order appealed from, the Supreme Court, among other things, granted those branches of the motion of the defendants/respondents Trustees of Freeholders and Commonalty of Town of Huntington (hereinafter the Trustees) and the Town of Huntington (hereinafter together the defendants) which were for summary judgment on their first counterclaim for a judgment declaring that the Trustees are the owners of the disputed real property and on their second counterclaim for a judgment of possession, and for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court reasoned that title to the disputed real property is held by the Trustees in a governmental capacity and, thus, could not be lost through adverse possession. We affirm the order insofar as appealed from, but on a different ground (see Menorah Nursing Home v Zukov, 153 AD2d 13, 19 [1989]).

The defendants failed to demonstrate, as a matter of law, that the Trustees owned the subject property in a governmental, rather than proprietary, capacity (*cf. Starner Tree Serv. Co. v City of New Rochelle*, 271 AD2d 681, 682 [2000]; *Monthie v Boyle Rd. Assoc.*, 281 AD2d 15, 20 [2001]; *Matter of City of New York*, 72 AD2d 745, 746 [1979]). However, the evidence did establish, as a matter of law, that the property was not lost through adverse possession.

To acquire title to real property by adverse possession, the possessor must establish that possession was hostile and under a claim of right, actual, open and notorious, exclusive and continuous for the statutory period (*see Walling v Przybylo*, 7 NY3d 228, 232 [2006]; *Bratone v Conforti-Brown*, 79 AD3d 955 [2010]; *Kings Park Yacht Club, Inc. v State of New York*, 26 AD3d 357 [2006]). Here, the defendants assert that the plaintiffs' possession was not hostile or under a claim of right. As explained by the Court of Appeals, "[w]hen the entry upon land has been by permission or under some right or authority derived from the owner, adverse possession does not commence until such permission or authority has been repudiated and renounced and the possessor thereafter has assumed the attitude of hostility to any right in the real owner" (*Hinkley v State of New York*, 234 NY 309, 316 [1922]). In other words, " '[w]hen . . . permission can be implied from the beginning, adverse possession will not arise until there is a distinct assertion of a right hostile to the owner' " (*Koudellou v Sakalis*, 29 AD3d 640, 641 [2006], quoting *Congregation Yetev Lev D'Satmar v 26 Adar N.B. Corp.*, 192 AD2d 501, 503 [1993]; *see Goldschmidt v Ford St., LLC*, 58 AD3d 803, 805 [2009]; *Kings Park Yacht Club, Inc. v State of New York*, 26 AD3d at 357).

The defendants established their prima facie entitlement to judgment as a matter of law on their first and second counterclaims and dismissing the complaint by demonstrating that the initial use of the Trustees' property by the plaintiffs' predecessors in title was permissive and that there was no distinct assertion of a hostile right by the plaintiffs or their predecessors more than 10 years before the commencement of this action (*see Dekdebrun v Kane*, 82 AD3d 1644 [2011]; *Congregation Yetev Lev D'Satmar v 26 Adar N.B. Corp.*, 192 AD2d at 503; *Goldschmidt v Ford St., LLC*, 58 AD3d at 805; *Kings Park Yacht Club, Inc. v State of New York*, 26 AD3d at 357). In opposition to the defendants' prima facie showing, the plaintiffs failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted those branches of the defendants' motion which were for summary

judgment on their first and second counterclaims, and for summary judgment dismissing the complaint insofar as asserted against them. Since the defendants seek, in part, declaratory relief, the matter must be remitted to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that the Trustees are the owners of the subject real property following a determination on the defendants' remaining counterclaims (*see Lanza v Wagner*, 11 NY2d 317 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Skelos, J.P., Covello, Balkin and Austin, JJ., concur.