■ TAYLOR BUILDING MANAGEMENT, INC., Appellant, v PRIORITY PAYMENT SYSTEMS, LLC, Respondent, et al., Defendant. [938 NYS2d 95]—

This breach of contract action arises from a dispute between the plaintiff, Taylor Building Management, Inc. (hereinafter Taylor), and the defendant Priority Payment Systems, LLC (hereinafter Priority). Priority provided credit-card processing services to Taylor pursuant to a Merchant Services Agreement (hereinafter the Agreement), signed August 21, 2006. A dispute arose after Taylor alleged that Priority was retaining an excessive percentage of the amounts collected in a reserve account which, pursuant to the Agreement, Priority was explicitly permitted to open and retain to cover any potential charge-backs to Taylor's account. The Agreement was terminated in March 2007, and negotiations regarding the funds contained within the reserve account commenced. However, before negotiations

were complete, Priority assigned all of its rights and obligations under the Agreement to the defendant Global Payments Direct, Inc. (hereinafter Global), including transferring the funds in the reserve account to Global. Ultimately, the settlement negotiations broke down between Taylor and Global, and Taylor commenced this action against both Priority and Global to recover damages for breach of contract, alleging that, pursuant to the terms of the Agreement, Taylor was entitled, as a matter of law, to recover the funds held in the reserve account.

Priority moved to dismiss the complaint insofar as asserted against it, contending that the assignment of the contract terminated its obligations and liability under the Agreement. In an order dated February 1, 2010, the Supreme Court denied Priority's motion, holding that while the assignment of the Agreement to Global was valid, the assignment did not release Priority from liability under the Agreement. This was because, in order for the assignor (here, Priority) to be relieved from continuing liability after an assignment, the other contracting party (here, Taylor) not only had to consent to the assignment, but also had to accept the assignee (here, Global) in place of the assignor, thereby releasing the assignor (here, Priority) from liability under the Agreement. It is undisputed that Taylor did not consent to the assignment and did not accept Global in Priority's place. Accordingly, the Supreme Court held that the assignment did not release Priority from liability under the Agreement.

Thereafter, Taylor moved for summary judgment on the issue of Priority's liability. Priority opposed the motion and contended, in essence, that Taylor would not be entitled to keep the $1.5 million contained in the reserve account since, as a result of unrelated transactions between Global and Woogo NY, LP (hereinafter Woogo), an alleged alter ego of Taylor, Global would be entitled to retain the funds to offset fraud allegedly committed by Woogo. Since Global had alleged its right to retain the funds in a separate action commenced in Georgia (hereinafter the Georgia action), Priority contended that Taylor could not recover the funds from Priority in this action. Priority further contended that since Taylor's motion was filed before any discovery was conducted, the motion was premature.

In the order appealed from, the Supreme Court denied Taylor's motion as premature, citing CPLR 3212 (f). The court determined that Priority, by its submissions in opposition, had raised triable issues of fact that warranted further discovery, specifically as to the relationship between Taylor and the alleged alter ego company, Woogo. Taylor appeals, contending that

the Supreme Court erred in denying its motion. We agree, and reverse.

Taylor met its prima facie burden of demonstrating its entitlement to judgment as a matter of law on the issue of Priority's liability by the submission of, inter alia, the Agreement and an affidavit of Priority's President, Raz Ofer, establishing that there was a contract between Taylor and Priority, that the contract had been breached by the failure of Priority or Global to return the funds contained in the reserve account, and the time during which the funds were permitted to be retained had expired, and that, as a result of this breach, Taylor was entitled to damages which Priority, still liable under the contract, was obligated to pay (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Zuckerman v City of New York, 49 NY2d 557, 559 [1980]; Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1067 [1979]).

In opposition, Priority failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Zuckerman v City of New York, 49 NY2d at 562). Rather, Priority's sole contention, and the focus of its submissions in opposition, was that Taylor would not be permitted to retain the $1.5 million contained in the reserve account, because, due to the alleged fraud committed by Woogo with respect to Global, Global would be permitted to offset its damages with the $1.5 million reserve account fund. At no point did Priority attempt to dispute the material allegations of Taylor's complaint.

Whatever allegations Global has made in the Georgia action with regard to the relationship between Woogo and Taylor, those allegations are not relevant to the issue raised in this appeal before this Court. Moreover, until Taylor is found liable to Global and a judgment is entered in Global's favor, any claim by Global that it is entitled to retain the funds contained in the reserve account is speculative.

Accordingly, the Supreme Court erred in denying Taylor's motion as premature, as further discovery of the relationship between Global and Woogo is irrelevant to the resolution of the motion at bar, and Priority has not identified any facts essential to justify opposition to which Priority did not have access (see Pacheco v Halstead Communications, Ltd., 90 AD3d 877 [2011]; Ordonez v Levy, 19 AD3d 385, 386 [2005]). Therefore, Taylor's motion for summary judgment on the issue of Priority's liability must be granted. Rivera, J.P., Balkin, Eng and Austin, JJ., concur.