Sloan v 216 Bedford Kings Corp. (2022 NY Slip Op 05173)

Sloan v 216 Bedford Kings Corp.

2022 NY Slip Op 05173

Decided on September 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.

2020-03507
 (Index No. 506287/18)

[*1]Hilary Sheryl Sloan, et al., appellants, 
v
216 Bedford Kings Corp., et al., respondents, et al., defendants.

Wade T. Morris, New York, NY, for appellants.
Gallo Vitucci Klar LLP, Irvington, NY (C. Briggs Johnson of counsel), for respondent 216 Bedford Kings Corp.
Ahmuty, Demers & McManus, Albertson, NY (Nicholas P. Calabria and Kevin Murtagh of counsel), for respondent Manjula Mukhopadhyay.
Fixler & LaGattuta, LLP, New York, NY (Jonathan J. Pincus of counsel), for defendant Joe's Pizza Bedford, LLC.
Milber, Makris, Plousadis & Seiden LLP, Woodbury, NY (Sarah Ziolkowski and Briggs Johnson of counsel), for defendant Sherri Builders, Inc.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated March 13, 2020. The order denied the plaintiffs' motion for summary judgment on the issue of liability against the defendants 216 Bedford Kings Corp. and Manjula Mukhopadhyay.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiffs' motion which was for summary judgment on the issue of liability against the defendant 216 Bedford Kings Corp., and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with one bill of costs to the plaintiffs payable by the defendant 216 Bedford Kings Corp., and one bill of costs to the defendant Manjula Mukhopadhyay payable by the plaintiffs.
The plaintiff Hilary Sheryl Sloan allegedly was injured when she slipped and fell on an icy sidewalk in front of 216 Bedford Avenue in Brooklyn. The defendant 216 Bedford Kings Corp. (hereinafter 216 Corp.) owned that premises. The defendant Manjula Mukhopadhyay owned the neighboring premises—214 Bedford Avenue—which adjoins 216 Bedford Avenue. Sloan alleged that the icy condition on the sidewalk was caused by a defective drain pipe discharging water, collected from the roof of the building, onto the sidewalk.
Sloan, and her husband suing derivatively, commenced this action, inter alia, to recover damages for personal injuries resulting from the accident. Prior to the completion of [*2]discovery, the plaintiffs moved for summary judgment on the issue of liability against 216 Corp. and Mukhopadhyay (hereinafter together the defendants). The plaintiffs argued that the defendants were responsible for maintaining, and negligently maintained, the drain pipe, and that the defendants both had notice of the alleged defective condition. By order dated March 13, 2020, the Supreme Court denied the plaintiffs' motion as premature. The plaintiffs appeal.
The Supreme Court erred in denying the plaintiffs' motion for summary judgment on the ground that it was premature. "Although determination of a summary judgment motion may be delayed to allow for further discovery where evidence necessary to oppose the motion is unavailable to the opponent of the motion (see CPLR 3212[f]), '[a] determination of summary judgment cannot be avoided by a claimed need for discovery unless some evidentiary basis is offered to suggest that discovery may lead to relevant evidence'" (Wyllie v District Attorney of County of Kings, 2 AD3d 714, 717, quoting Ruttura & Sons Constr. Co. v. J. Petrocelli Constr., 257 AD2d 614, 615).
Here, where the icy condition on the sidewalk as well as Sloan's fall are clearly depicted on a surveillance video and the condition of the drain pipe over time is revealed in photographs of the building, the defendants have offered nothing more than hope and speculation that additional discovery might uncover evidence sufficient to raise triable issues of fact regarding the manner in which the accident occurred, the cause of Sloan's fall, and their notice of the defective condition of the drain pipe (see Ordonez v Levy, 19 AD3d 385, 386). Furthermore, any relevant evidence regarding the defendants' respective ownership and control over the drain pipe is available to them and not uniquely in the plaintiffs' possession (see Nash v Baumblit Const. Corp., 72 AD3d 1037, 1040; Wyllie v District Attorney of County of Kings, 2 AD3d at 717). Thus, we consider the merits of the motion.
"[A] landowner has a duty to exercise reasonable care in maintaining his [or her] own property in a reasonably safe condition under the circumstances" (Galindo v Town of Clarkstown, 2 NY3d 633, 636). "In order for a landowner [or a party in possession or control of real property] to be liable . . . [for a] defective condition upon property, it must be established that a defective condition existed and that the landowner affirmatively created the condition or had actual or constructive notice of its existence" (Chang v Marmon Enters., Inc., 172 AD3d 678, 678 [internal quotation marks omitted]).
Here, the plaintiffs demonstrated their prima facie entitlement to judgment as a matter of law on the issue of liability against 216 Corp. The plaintiffs made a prima facie showing, through video and photographic evidence, as well as expert affidavits, that the drain pipe was unlawfully left unconnected to the sewer system in such a manner that allowed for the discharge of water onto the sidewalk (see NY City Building Code [Administrative Code of City of NY, tit 28, ch 7] § BC 3201.4), which water then froze on the day of the accident, causing Sloan to slip and fall. The plaintiffs further demonstrated, prima facie, that 216 Corp. had constructive notice of the defective condition of the drain pipe through photographs showing that the drain pipe was disconnected from the sewer system for a lengthy period of time, spanning years (see Dougherty v 359 Lewis Ave. Assoc., LLC, 191 AD3d 763). In opposition, 216 Corp. failed to raise a triable issue of fact, including, as to whether it was an out-of-possession landlord without a duty imposed by statute or regulation (see Nieves v Pennsylvania, LLC, 165 AD3d 1155, 1156; Yehia v Marphil Realty Corp., 130 AD3d 615, 617). Therefore, the Supreme Court should have granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability against 216 Corp.
However, contrary to the plaintiffs' contention, they failed to demonstrate their prima facie entitlement to judgment as a matter of law on the issue of liability against Mukhopadhyay. The plaintiffs' evidentiary submissions in support of their motion, which included conflicting opinions of an expert they retained and an expert retained by Mukhopadhyay, failed to eliminate triable issues of fact regarding Mukhopadhyay's ownership and control of the drain pipe (see Silverberg v Palmerino, 61 AD3d 1032, 1034; see also Sucre v Consolidated Edison Co. of N.Y., Inc., 184 AD3d 712, 714). Accordingly, that branch of the plaintiffs' motion which was for summary judgment on the issue of liability against Mukhopadhyay was properly denied.
DUFFY, J.P., BRATHWAITE NELSON, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court