Mangiarcina v Ridgewood 69, LLC

2026 NY Slip Op 01955

April 1, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Anna Marie Mangiarcina, respondent,

v

Ridgewood 69, LLC, et al., appellants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 1, 2026

2024-08963, (Index No. 700964/23)

Lara J. Genovesi, J.P.

Linda Christopher

Lillian Wan

Lourdes M. Ventura, JJ.

Vishnick McGovern Milizio LLP, Lake Success, NY (Richard H. Apat of counsel), for appellants.

Pagan Lopez Law Office, PLLC, Long Island City, NY (Christina Falcone of counsel), for respondent.

[*1]

DECISION & ORDER

In an action, inter alia, for a judgment declaring that the plaintiff has a life estate in certain real property, the defendants appeal from an order of the Supreme Court, Queens County (Nicole A. McGregor Mundy, J.), dated April 11, 2024. The order, insofar as appealed from, denied, as premature, those branches of the defendants' motion which were for summary judgment dismissing the complaint, for summary judgment on their counterclaim for a judgment declaring that the plaintiff does not have a life estate in the subject property, and, in effect, for summary judgment declaring that the plaintiff is not the owner of the subject property by adverse possession.

ORDERED that the order is reversed insofar as appealed from, on the law, with costs, those branches of the defendants' motion which were for summary judgment dismissing the complaint, for summary judgment on their counterclaim for a judgment declaring that the plaintiff does not have a life estate in the subject property, and, in effect, for summary judgment declaring that the plaintiff is not the owner of the subject property by adverse possession are granted, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment making the appropriate declarations in favor of the defendants in accordance herewith.

In January 2023, the plaintiff commenced this action for a judgment declaring that she has a life estate in certain real property located in Ridgewood (hereinafter the property) and to recover damages predicated on a determination that she possessed a life estate in the property or, alternatively, that she acquired title to the property by adverse possession. The complaint alleged, inter alia, that by deed dated September 28, 1987 (hereinafter the 1987 deed), the plaintiff's mother, Mary Mangiaracina, conveyed the property to Joseph C. Murania, while reserving a life estate for herself and the plaintiff. The complaint further alleged that the plaintiff's mother died in May 2017 and the defendants purchased the property from the testamentary trust of Joseph C. Murania by deed dated September 9, 2022. The defendants interposed an answer and asserted counterclaims, among other things, for a judgment declaring that the plaintiff does not have a life estate in the property.

Thereafter, the defendants moved, inter alia, for summary judgment dismissing the complaint, for summary judgment on their counterclaim for a judgment declaring that the plaintiff does not have a life estate in the property, and, in effect, for summary judgment declaring that the [*2]plaintiff is not the owner of the subject property by adverse possession. The plaintiff opposed the defendants' motion. In an order dated April 11, 2024, the Supreme Court, among other things, denied those branches of the defendants' motion as premature. The defendants appeal.

The defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action for a judgment declaring that the plaintiff has a life estate in the property and the related causes of action predicated on a determination that the plaintiff possessed a life estate in the property, and on their counterclaim for a judgment declaring that the plaintiff does not have a life estate in the property. The defendants demonstrated that even though the plaintiff's mother reserved a life estate for herself and the plaintiff in the 1987 deed, this did not create a valid interest in favor of the plaintiff since she was a "stranger to the deed," even assuming that it was the intention of the plaintiff's mother to create such a life estate (Matter of Estate of Thomson v Wade, 69 NY2d 570, 573; see Sganga v Grund, 1 AD3d 342, 343). In opposition, the plaintiff failed to raise a triable issue of fact.

Further, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action for a judgment declaring that the plaintiff is the owner of the property by adverse possession and, in effect, for summary judgment declaring that the plaintiff is not the owner of the subject property by adverse possession. The defendants demonstrated that the plaintiff's initial use of the property was permissive until, at the earliest, her mother's death in May 2017, which was less than 10 years before the commencement of this action (see Schwarz v Trustees of Freeholders & Commonalty of Town of Huntington, 85 AD3d 1008, 1009). In opposition, the plaintiff failed to raise a triable issue of fact.

The Supreme Court erred in denying those branches of the defendants' motion as premature. "Although determination of a summary judgment motion may be delayed to allow for further discovery where evidence necessary to oppose the motion is unavailable to the opponent of the motion (see CPLR 3212[f]), a determination of summary judgment cannot be avoided by a claimed need for discovery unless some evidentiary basis is offered to suggest that discovery may lead to relevant evidence" (Wyllie v District Atty. of County of Kings, 2 AD3d 714, 717 [alterations and internal quotation marks omitted]; see Sloan v 216 Bedford Kings Corp., 208 AD3d 1192, 1193). Here, the plaintiff offered nothing more than hope and speculation that discovery might uncover evidence sufficient to raise a triable issue of fact as to whether she was the so-called "true grantee" of the property under the 1987 deed or with regard to her claim of adverse possession.

Accordingly, the Supreme Court should have granted those branches of the defendants' motion which were for summary judgment dismissing the complaint, for summary judgment on their counterclaim for a judgment declaring that the plaintiff does not have a life estate in the property, and, in effect, for summary judgment declaring that the plaintiff is not the owner of the subject property by adverse possession.

The plaintiff's remaining contention is without merit.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Queens County, for the entry of a judgment making the appropriate declarations in favor of the defendants (see Lanza v Wagner, 11 NY2d 317, 334).

GENOVESI, J.P., CHRISTOPHER, WAN and VENTURA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court